## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:23-cv-2825_____

CENTENNIAL FENCE SUPPLY COMPANY, LLC, a Colorado Limited Liability Company

      Plaintiff,

v.

TOOLGUY.COM,
DRILLBITWAREHOUSE.COM,
MICHAEL AKEN, an individual,
ALEXANDER AKEN, an individual, and
DOES 1-10, whose true names are unknown.

      Defendant(s).

---

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND DEMAND FOR JURY TRIAL

---

COMES NOW, Plaintiff Centennial Fence Supply Company, LLC ("Plaintiff"), by and through its attorneys, Hall Booth Smith, P.C., for its Complaint against ToolGuy.com, DrillBitWarehouse.com, Michael Aken, Alexander Aken, and Does 1-10 ("Defendants"), and alleges as follows:

### <u>INTRODUCTION</u>

1.    This is an action for infringement of Plaintiff's federally-registered trademark "Puljak" under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), all arising from the

Defendants' unauthorized use of the mark "Puljak" in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' tool and supply of goods.

2.      Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3.      This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and under the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is in this district, and/or 28 U.S.C. § 1391(b)(3), in that Defendants are subject to personal jurisdiction in this district with respect to this action.

## PARTIES

5.      Plaintiff is a limited liability company formed under the laws of the State of Colorado and does business in Colorado with its primary place of business located at 10270 S Progress Way #B, Parker, Colorado 80134, in Douglas County Colorado.

6.      Plaintiff owns and manufactures a valid United States trademark for the trademark Puljak.

7.      Plaintiff has used the trademark in commerce throughout the United States continuously, since at least January 1, 1958.

8.      Members of Plaintiff are all citizens of the State of Colorado.

9.      Upon information and belief, Defendant Toolguy.com is a partnership formed under the laws of California and has its principal place of business in Westlake Village, California.

10.     According to its website, ToolGuy.com's mailing address is PO Box 4041, Thousand Oaks, CA 91359. Its website formerly stated its principal place of business was 2500 Townsgate Road, Suite K, Westlake Village, CA 91361.

11.     Upon information and belief, there are no corporate filings with California's Secretary of State for ToolGuy.com.

12.     ToolGuy.com is an online commerce website selling fencing and construction tools.

13.     ToolGuy.com has not filed a Fictitious Business Name Statement in Los Angeles County, where its principal place of business is located, or Ventura County, where its mailing address is.

14.     Upon information and belief, Defendant DrillBitWarehouse.com is a partnership formed under the laws of California and has its principal place of business in Westlake Village, California.

15.     According to its website, DrillBitWarehouse.com's mailing address is the same as Toolguy.com, PO Box 4041, Thousand Oaks, CA 91359. Its website states its physical address is 2955 East Hillcrest Drive, Thousand Oaks, CA 91362.

16.     Upon information and belief, there are no corporate filings with California's Secretary of State for DrillBitWarehouse.com.

17.    DrillBitWarehouse.com is an online commerce website selling fencing and construction tools.

18.    DrillBitWarehouse.com has not filed a Fictious Business Name Statement in Los Angeles County or Ventura County.

19.    Upon information and belief, Defendant Michael Aken is an individual who resides in California.  Defendant Michael Aken is an officer and partner of Defendants Toolguy.com and DrillBitWarehouse.com.

20.    Upon information and belief, Defendant Alexander Aken is an individual in California.  Defendant Alexander Aken is an officer and partner of Defendants Toolguy.com and DrillBitWarehouse.com.

21.    Upon information and belief, Defendant Michael Aken and Defendant Alexander Aken are operating both Toolguy.com and DrillBitWarehouse.com as a partnership.

## FACTUAL BACKGROUND

**A.    Plaintiff and Its Puljak Mark**

22.    Plaintiff is a fencing and fence supply company.

23.    Plaintiff is the owner of valid and subsising United States Trademark, Registration No. 6489541, on the Principal Register in the United States Patent and Trademark Office for the trademark Puljak (the "Mark").  Attached as **Exhibit 1** is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 6489541, which was issued by the United States Patent and Trademark Office on September 21, 2021. *See* **Exhibit 5** attached for the Trademark Assignment Agreement between Plaintiff and Nanmark, Inc., d/b/a Puljak Company.

24.     Plaintiff is currently using the Mark in commerce throughout the United States since the acquisition of the Mark from Nanmark, Inc. d/b/a Puljak Company, a Pennsylvania domestic business corporation.  Nanmark, Inc. d/b/a Puljak Company was the former owner of the Mark.

25.     Plaintiff has used the Mark in commerce throughout the United States continuously since the assignment of the Mark to Plaintiff in connection with the sale, marketing, advertising, and promotion of fencing and fence supply goods (the "Goods"). Attached as **Exhibit 2** are representative samples showing Plaintiff's use of the Mark in connection with the Goods.

26.     As a result of its widespread, continuous, and exclusive use of the Mark by Plaintiff to identify its Goods, and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Mark.

27.     Plaintiff's Mark is distinctive to both the consuming public and Plaintiff's trade.

28.     Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the Goods sold under the Mark including through Plaintiff's marketing, advertising, and promotional channels for Goods under its Mark.

29.     Plaintiff has expended significant money on the marketing, advertising, and promotion of the Goods sold under the Mark.

30.     Plaintiff distributes and sells the Goods under the Mark via interstate and intrastate trade channels nationwide and internationally.

31.     Plaintiff offers and sells its Goods under its Mark to all lawful and potential consumers of similar goods and services.

32.     The Goods Plaintiff offers under the Mark are of high quality based on the decades-long reputation and presence.

33.     As a result of Plaintiff's expenditures and efforts, the Mark has come to signify the high quality of the Goods designated by the Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

34.     Plaintiff's Mark and the Goods offered have thereunder received significant unsolicited coverage in various media, including, but not limited to media on "Toolguy.com" and associated web pages.

35.     As a result of its distinctiveness and widespread use and promotion throughout the United States, Plaintiff's Mark is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous before the acts of the Defendants alleged herein.

36.     Plaintiff has scrupulously and successfully enforced and protected its Mark against past infringements, exemplified by the cease-and-desist letter sent to Defendant Toolguy.com on June 8, 2023.

**B.     <u>Defendants' Unlawful Activities</u>**

37.     Upon information and belief, Defendants are engaged in the sale of goods and services via its websites: (1) "Toolguy.com" and associated web pages, and (2) "DrillBitwarehouse.com" and associated web pages.

38.     Without Plaintiff's authorization, and upon information and belief, Defendants have been using the Mark and similar variations of the Mark (collectively, the "Infringing Mark") in US commerce.

39. The Infringing Mark adopted and used by Defendants is identical and/or confusingly similar to Plaintiff's Mark. For example, "pulljack.com" and "pulljak.com" redirect to "toolguy.com," from where a potential customer can find a "RAKE PULL JACK 40" SPECIAL DESIGN PRODUCT" available for purchase, among other infringing goods. Defendant DrillBitWarehouse.com also sells "DELUXE HEAVY-DUTY PULL JACK A 3 WAY FENCE TOOL"

40. Upon information and belief, Defendants ToolGuy.com and DrillBitWarehouse.com are engaged in the manufacture, distribution, provision, advertising, promotion, offering for sale, and sale of goods using the Infringing Mark throughout the United States. Attached as **Exhibit 3** are true and correct photographic depictions showing Defendants' use of the Infringing Mark.

41. Upon information and belief, the goods Defendants ToolGuy.com and DrillBitWarehouse.com have manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are related to the Mark and the Goods that Plaintiff manufactures, distributes, provides, markets, advertises, promotes, offers for sale, and sells under the Mark.

42. Upon information and belief, Defendants ToolGuy.com and DrillBitWarehouse.com have manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and sold its goods under the Infringing Mark via interstate and intrastate trade channels nationwide and internationally.

43. Upon information and belief, Defendants ToolGuy.com and DrillBitWarehouse.com have marketed, advertised, and promoted their goods under the Infringing

Mark through the Defendants' marketing, advertising, promotional channels, and media, namely via Toolguy.com and DrillBitwarehouse.com, which significantly overlap with those of Plaintiff.

44.    Upon information and belief, Defendants offer and sell their goods under the Infringing Mark to all lawful and potential consumers of similar goods and services overlapping with Plaintiff's efforts regarding the Goods offered under the Mark.

45.    Upon information and belief, the goods Defendants offer under the Infringing Mark are inferior to the Goods Plaintiff offers because the origin, manufacture, materials, and/or design of the goods offered by Defendant are not the same quality as Plaintiff's Goods.

46.     Plaintiff's Goods sold under the Mark are superior to Defendants' goods being sold under the Infringing Mark.

47.    On June 8, 2023, Plaintiff's counsel sent a cease-and-desist letter to Defendant ToolGuy.com, objecting to its use of the Infringing Mark.  Attached as **Exhibit 4** is a true and correct copy of Plaintiff's counsel's June 8, 2023, cease and desist letter to Defendant ToolGuy.com.

48.    To date, Plaintiff has received no response to its cease and desist letter and, after reasonable inquiry, has little to no evidence that Defendant ToolGuy.com has responded or complied with the demands set out in Plaintiff's counsel's cease and desist letter.

49.    Defendants' infringing acts as alleged herein have caused, and are likely to cause, confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' goods and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

50. Defendants' infringing acts as alleged herein have resulted in actual confusion as shown by the redirection of "pulljak.com" and "pulljack.com" to "Toolguy.com," among other instances of infringement.

51. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods to the Defendants.

52. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement

53. Plaintiff repeats and realleges the above stated paragraphs of this Complaint and incorporates them by reference as though fully stated herein.

54. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

55. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

57.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

58.     Plaintiff is entitled to injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, as well as reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest, among other relief that the Court may deem just and proper.

### SECOND CLAIM FOR RELIEF
**Federal Unfair Competition**

59.     Plaintiff repeats and realleges the above stated paragraphs of this Complaint and incorporates them by reference as though fully stated herein.

60.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

61.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin, misleading description and misrepresentation of fact.

62.     Upon information and belief, Defendants' conduct as alleged herein is willful, intended to, and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

63.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

65.     Plaintiff is entitled to injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, as well as reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest, among other relief that the Court may deem just and proper.

### THIRD CLAIM FOR RELIEF
### Federal Trademark Dilution

66.     Plaintiff repeats and realleges the above stated paragraphs of this Complaint and incorporates them by reference as though fully stated herein.

67.     Plaintiff's Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

68.     Plaintiff's Mark became distinctive and famous before the Defendants' acts as alleged herein.

69.     Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute, and are likely to dilute the distinctive quality of Plaintiff's famous Mark.

70.     Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's Mark by undermining and damaging the valuable goodwill associated therewith.

71. Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no other adequate remedy at law.

72. Plaintiff is entitled to injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, as well as reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest, among other relief that the Court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2. Granting an injunction, preliminary order, and/or temporary restraining order and permanently enjoining the Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order, by personal service or otherwise, from:

   a. manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote Defendants' goods bearing the Mark, Infringing Mark, or any other mark that is a counterfeit, copy,

simulation, a confusingly similar variation, or colorable imitation of Plaintiff's Mark;

b.    engaging in any activity that infringes Plaintiff's rights in its Mark;

c.    engaging in any activity constituting unfair competition with Plaintiff;

d.    engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's Mark;

e.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods are in any manner approved, endorsed, licensed, sponsored, authorized, franchised by, associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, franchised by, associated, affiliated, or otherwise connected with the Defendants;

f.    using or authorizing any third party to use in connection with any business, goods, or services, any false description, false representation, false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or which tends to do so;

g.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark "Pulljack," "Pulljak," or any other Mark that

infringes or is likely to be confused with Plaintiff's Mark, goods or services of Plaintiff, or Plaintiff as their source; and

h.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

3.  Granting any other relief that the Court may consider proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods.

4.  Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Mark, Infringing Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease immediately the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags,

containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Mark, and to immediately remove them from public access and view.

5.    Directing that Defendants recall and deliver up for destruction or other disposition all goods, packaging, containers, advertisements, promotions, and related materials incorporating or bearing the Mark, Infringing Mark, or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Mark.

6.    Directing Defendants to formally abandon with prejudice any and all of its applications to register the Mark, Infringing Mark, or any mark consisting of, incorporating, or containing Plaintiff's Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

7.    Directing Defendants to cancel with prejudice any and all of its registrations for the Mark, Infringing Mark, or any mark consisting of, incorporating, or containing Plaintiff's Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8.    Directing, under Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve on Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended

period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

9.      Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

10.     Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

11.     Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

12.     Declaring that this is an exceptional case under Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

13.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

14.     Awarding any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 26th day of October 2023.

HALL BOOTH SMITH, P.C.

*/s/Melissa A. Ogburn*
Melissa A. Ogburn
HALL BOOTH SMITH, P.C.
5445 DTC Parkway, Ste. 900
Greenwood Village, CO 80111
(303) 874-3494
mogburn@hallboothsmith.com
*Attorneys for Plaintiff Centennial Fence Supply Company*