IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02825-DDD-SBP

CENTENNIAL FENCE SUPPLY COMPANY, LLC,

    Plaintiff,

v.

TOOLGUY.COM,
DRILLBITWAREHOUSE.COM,
MICHAEL AKEN,
ALEXANDER AKEN, and
JOHN DOES 1-10,

    Defendants.

---

**ORDER ON MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL
DISCOVERY (ECF No. 43)**

---

**Susan Prose, United States Magistrate Judge**

    This matter is before the court on plaintiff Centennial Fence Supply Company, LLC's ("Centennial") Motion for Leave to Conduct Jurisdictional Discovery and Extension of Time to Respond, ECF No. 43 ("Motion"), after it was referred by United States District Judge Daniel D. Domenico to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Order Referring Motion, ECF No. 44. All named Defendants[1] are opposed, *see* Brief in Opposition, ECF No. 49 ("Response"). Centennial filed a reply, *see* Brief in Support, ECF No. 50 ("Reply"). Having reviewed the briefing and the applicable case law, the court

---

[1] The John Doe defendants have not been identified or served. For simplicity, the court will collectively refer to Toolguy.com, DrillBitWarehouse.com, Michael Aken, and Alexander Aken as "Defendants."

1

respectfully **GRANTS** the Motion and authorizes limited jurisdictional discovery as set forth in this Order.

## BACKGROUND

Centennial brings this action alleging that Defendants infringed upon its trademark "Puljak" in violation of the Lanham Act, 15 U.S.C. § 1125(a), (c). Motion at 2. On February 5, 2025, Defendants filed a Motion to Dismiss, ECF No. 38, arguing in part that the court lacks personal jurisdiction because Defendants do not have the requisite minimum contacts with Colorado. *See* Motion to Dismiss, ECF No. 38. Alternatively, Defendants argue that venue is improper and that Centennial's allegations fail to state a claim. *See id.* Soon after the Motion to Dismiss was filed, the parties jointly sought to stay the case, and this court entered a stay of discovery pending Judge Domenico's ruling on the Motion to Dismiss. Joint Motion to Stay, ECF No. 39; February 20, 2025 Order, ECF No. 42 ("Stay Order"). As part of the agreement for a stay, the parties agreed to exchange initial disclosures and to allow Centennial to issue a subpoena to Toolguy.com and DrillBitWarehouse.com's domain registrar. *See generally* Stay Order.

On February 26, 2025, Centennial filed its Motion seeking leave to conduct limited jurisdictional discovery, claiming that it is unable to assess or refute Defendants' jurisdictional and venue arguments without such discovery, and that it is prepared to concede either issue if the discovery demonstrates that Defendants' lack sufficient connections to the state of Colorado. Motion at 8. In its Reply, Centennial limited the scope of its request, and it now seeks discovery on the following topics:

1. The date Defendants first began selling the infringing tool(s).
2. The total number of sales of Defendants' tool(s) to Colorado residents, including

2

      individuals and entities, from 2006 to the present.

3. The total number of sales of Defendants' tool(s) to all customers from 2006 to the present.

Reply at 7. Additionally, Centennial requests that it be allowed to respond to the Motion to Dismiss ten days after the close of jurisdictional discovery. Motion at 6.

      Defendants counter that the Motion should be denied because: (1) Centennial's request contradicts this court's Stay Order; (2) Centennial failed to confer in accordance with this court's Local Rules; (3) Centennial has not justified its request for jurisdictional discovery; and (4) the discovery sought is overbroad or otherwise improper. *See generally* Response.

## LEGAL STANDARD

      "[A] litigant has no unfettered right to jurisdictional discovery." *MacMillan v. Rural Partners in Med., LLC*, No. 23-cv-00216-RMR-SBP, 2023 WL 9660901, at *11 (D. Colo. Nov. 22, 2023). "[T]o obtain jurisdictional discovery, a plaintiff 'must present a sufficient factual predicate for the establishment of personal jurisdiction.'" *Zvelo, Inc. v. Check Point Software Techs., Ltd.*, 418 F. Supp. 3d 664, 671 n.1 (D. Colo. 2019) (quoting *St. Paul Travelers Cas. & Sur. Co. of Am. v. Guaranty Bank & Trust Co.*, No. 05-cv-00968-REB-BNB, 2006 WL 1897173, at *4 (D. Colo. July 10, 2006)). This court has broad discretion to shape the contours of jurisdictional discovery. *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) ("District courts are endowed with broad discretion over discovery, including whether to grant discovery requests with respect to jurisdictional issues.") (citation omitted). At the same time, the long-held view in the Tenth Circuit is that "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 102 (10th Cir. 2012)

3

(quoting *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)).

While the decision whether to authorize jurisdictional discovery is a discretionary one, a court abuses that discretion when a refusal of jurisdictional discovery results in prejudice to the party seeking discovery. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). Prejudice occurs where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir 1977)). As the party seeking jurisdictional discovery, Centennial bears the burden "to explain why such discovery [is] necessary and how the lack of discovery would affect the outcome of the case." *Gas Sensing Tech. Corp. v. Ashton*, 795 F. App'x 1010, 1017 (10th Cir. 20220) (citing *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 & n.11 (10th Cir. 2010) (the party seeking jurisdictional discovery has the burden of demonstrating entitlement to, and prejudice from, the denial of discovery)).

**ANALYSIS**

**I.      Preliminary Issues**

Before proceeding to the merits of Centennial's request for jurisdictional discovery, the court will address Defendants' arguments that the Motion should be denied because (1) Centennial's request contradicts the Stay Order and (2) Centennial failed to comply with the Local Rules regarding conferral. The court respectfully concludes that neither argument compels the denial of the Motion.

*First*, this court's Stay Order did not prevent Centennial from moving for jurisdictional discovery. Although the Stay Order did not specifically define the term "discovery," nothing in

4

that order foreclosed the possibility of jurisdictional discovery—nor was that the court's intention. The question of jurisdictional discovery—a unique aspect of the discovery process that is not utilized in the majority of cases—was not signaled by the parties in the joint motion to stay. Nor was there any reason for the court to anticipate at that time that jurisdictional discovery might be needed. Put simply, the Stay Order did not preemptively forbid the parties from requesting circumscribed discovery on the question of jurisdiction, of which the court must assure itself at every stage of the case. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980) (recognizing that "[a] federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction," even if doing so requires sua sponte action); *see also, e.g.*, *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 542, 544 n.5, 555 (10th Cir. 2016) (remanding case to dismiss for lack of jurisdiction where district court had proceeded to assess the merits based on "some generous assumptions" about jurisdiction, and emphasizing that a ruling based on incorrect assumptions about jurisdiction "is no ruling at all").

To the extent Defendants deem the Stay Order unclear, the court now specifically states that the Order does *not* preclude the jurisdictional discovery Centennial seeks.

*Second*, the court declines to deny the Motion based on Centennial's alleged failure to fully comply with D.C.COLO.LCivR 7.1(a), the Local Rule requiring parties to confer before filing an opposed motion. While its efforts might be characterized as something less than fulsome, Centennial did make an attempt to confer,[2] and it is clear from the briefing on the

---

[2] According to Defendants, Centennial's conferral efforts in the lead-up to the filing of the Motion consisted of a single email: "In light of Mr. Michael Aken's declarations attached to your

5

Motion that the parties take opposing views of the jurisdictional discovery question. Under these circumstances, the court exercises its discretionary authority to control the discovery process by proceeding to address the substance of the Motion, which implicates the fundamental threshold issue of the court's jurisdiction. *See Kenno v. Colo. Governor's Office of Info. Tech.*, Nos. 21-1353, 21-1434, 2023 WL 2967692, at *7 (10th Cir. Apr. 17, 2023) ("'[D]iscovery rulings are within the broad discretion of the trial court,' and [the Tenth Circuit] will not disturb them absent 'a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'") (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir. 1994)); *see also, e.g.*, *United States Equal Employment Opportunity Comm'n v. Chipotle Servs., LLC*, No. 23-2439-KHV-BGS, 2024 WL 3677408, at *4 (D. Kan. Aug. 1, 2024) ("[E]ven assuming a moving party did not fulfill its duty to confer, the Court, in its discretion, may choose to determine a motion to compel on its merits under certain circumstances.") (citing *White v. Graceland Coll. Ctr. for Pro. Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM, 2009 WL 722056, at *2 (D. Kan. Mar. 18, 2009) (holding that a court can consider the underlying issues when "the interests of justice are best served by taking up the motion [to compel] on its merits.")).

In short, the interests of justice weigh in favor of this court analyzing the threshold question of jurisdiction on its substantive merits.[3]

---

Motion to Dismiss, we are preparing a Motion to seek Jurisdictional Discovery and an extension of time to respond to your motion pending the results of discovery. Please let me know your client's position at your earliest convenience[,]" to which Defendants replied: "In general, we would oppose the motion." Response at 5.

[3] In the future, the parties are respectfully adjured to engage in a full, good-faith conferral before filing any opposed motion.

## II. Discussion

Centennial has submitted a sufficient factual predicate for the establishment of personal jurisdiction over Defendants such that limited jurisdictional discovery is appropriate.

The Complaint alleges in a conclusory fashion that "Defendants are subject to personal jurisdiction in this district with respect to this action," Compl. ¶ 5, while simultaneously acknowledging that Defendants Michael and Alexander Aken reside in California and that both DrillBitWarehouse.com and Toolguy.com have a California mailing address. *Id.* ¶ 15. Even so, other information in the record establishes the requisite factual predicate for the court to approve limited discovery to explore the precise nature of the Defendants' contacts with this forum. In a declaration submitted in support of Defendants' Motion to Dismiss, Defendant Michael Aken, who describes himself as "an Internet retail seller of tools and fencing installation equipment, operating from the website of Toolguy.com and DrillBitWarehouse.com," ECF No. 38-1 ¶ 1, brought forward information showing that Defendants' products have been sold in Colorado through the Defendant websites:

> I do not sell a lot of my products into Colorado. In fact, I sell very little of the "pull jack" product in Colorado. I reviewed my sales records for the past four years, from January 2021 to January 2025. My review was not comprehensive, but my best estimate as to the number of "pull jack" units sold in Colorado during those four (4) years is twelve (12) units. Until recently, these units sold for $99 each, so my gross revenue from these sales was approximately $1,200.00.

*Id.* ¶ 14.

Considered in its totality, this information is sufficient at this stage to support Centennial's request for limited discovery into the representations made by Mr. Aken. The results of this discovery will assist the court in resolving the disputed personal jurisdiction issue, which

7

Defendants raise in their Motion to Dismiss. ECF No. 38 at 5-10. Ultimately, the evidence gleaned from the discovery process may prove insufficient to establish general or personal jurisdiction over any Defendant in this forum. *See, e.g.*, *Shrader v. Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011) ("It should be emphasized that, as we are dealing with general jurisdiction, the commercial contacts here must be of a sort that approximate physical presence in the state— and engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders. Nevertheless, most courts would agree that operating a web site selling products to residents of a state *can* subject the seller to general jurisdiction in that state, depending on the nature and degree of commercial activity with the forum state.") (internal quotation marks and citations omitted) (emphasis in original); *Shrader v. Beann*, 503 F. App'x 650, 653-54 (10th Cir. 2012) (holding that a district court could not assert general jurisdiction over a website that had no intrinsic connection to the forum state and that did not conduct business with forum residents in such a sustained manner that it was tantamount to physical presence in the forum). However, that is not a question this court need resolve in deciding to allow Centennial to conduct some discovery on the jurisdictional question.

Mr. Aken acknowledges that, while Defendants do not sell "a lot" of products in Colorado, they do sell some. Based on a review that was "not comprehensive," Mr. Aken estimates that the gross revenue generated from Colorado sales in four years has not exceeded twelve hundred dollars. But what he does *not* explain is the exact percentage of Defendants' overall revenue attributable to Colorado sales. The court finds that this information is needed to resolve, "either favorably or unfavorably, the disputed personal jurisdiction issues in this case." *See Water Pik, Inc. v. H2OFloss*, No. 17-cv-02082-CMA-MJW, 2018 WL 1706276, at *2-3 (D.

8

Colo. Apr. 9, 2018) (holding that an allegation that a company's sales to customers in Colorado through its website, comprising approximately eleven percent of all revenue generated from that website, was a sufficient factual predicate to permit jurisdictional discovery). And because Centennial lacks access to these figures absent discovery, Defendants' reliance on these facts shows that Centennial will suffer prejudice if it is deprived of discovery designed to test the accuracy of Mr. Aken's assertions—which, at this point, are unchallenged pronouncements unsupported by documentary evidence. As one judge in this District has aptly explained, "there is a certain unfairness to a process that would allow affidavits from one side without allowing at least some corresponding adversarial opportunity to probe the underlying assertions contained in those affidavits[.]" *Am. Fam. Mut. Ins., Co. v. Robert Bosch, LLC*, No. 23-cv-00455-DDD-NRN, 2023 WL 8479021, at *7 (D. Colo. Dec. 7, 2023) (holding that when faced with the prospect of dismissal, a plaintiff is entitled to "reasonable discovery, lest the defendant defeat jurisdiction of a federal court by withholding information on its contacts with the forum") (citing *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) (internal quotation and citation omitted), *abrogated on other grounds by Samantar v. Yousuf*, 560 U.S. 305 (2010)). Here, too, fairness weighs in favor of Centennial obtaining reasonable discovery on the jurisdictional question.

Finally, Defendants' contentions that the discovery sought by Centennial is overbroad or otherwise improper, Response at 11-12,[4] do not warrant a categorical denial of jurisdictional discovery. *Paycom Payroll, LLC v. Pay.com US, Inc.*, No. CIV-23-735-G, 2024 WL 4706906,

---

[4] Notably, Centennial has limited the scope of its request in its Reply, and therefore it is unclear whether Defendants maintain these objections. *Compare* Motion at 4-5, *with* Reply at 7.

9

at *1 (W.D. Okla. May 24, 2024) (holding, in deciding a motion for leave to conduct jurisdictional discovery, that objections to proposed requests "as overbroad or overly burdensome . . . are more properly addressed through a personal conference by the attorneys after service and only then, if necessary, an appropriate motion raising the dispute to the Court"). The court declines to find that Defendants' run-of-the-mill discovery objections furnish a valid basis to deny the Motion.

For these reasons, the court respectfully **GRANTS** Centennial's request for jurisdictional discovery and exercises its discretion to permit limited jurisdictional discovery as follows: Centennial is entitled to submit three requests for production of documents and three interrogatories, including discrete subparts. Centennial may also conduct one deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on the general issues raised by the Motion, covering both Toolguy.com and DrillBitWarehouse.com, and limited to four hours of on-the-record time. The court additionally finds that Centennial's stated intention to seek Defendants' financial and sales records dating to 2006 would not be proportional to the needs of the case at this juncture, given the limited scope of information relevant to the assessment of jurisdiction. *See Am. Tower Mgmt., LLC v. TPT Speedconnect LLC*, No. 23-cv-01336-CNS-JPO, 2024 WL 2939164, at *3 n.3 (D. Colo. June 11, 2024) (recognizing that "[p]ersonal jurisdiction is established at the time of filing" of a lawsuit") (citing *Wells Fargo Bank, N.A. v. Mesh Suture, Inc.*, 31 F.4th 1300, 1308 (10th Cir. 2022)). Accordingly, for purposes of the jurisdictional discovery authorized here, Centennial's requests shall be limited to the five-year period commencing on October 26, 2018—five years before the lawsuit was filed—and extending through October 26, 2023, the date of filing of the action. *See, e.g.*, *Breakthrough Mgmt. Grp.*, 629 F.3d at 1188-89 ("As with

the court's handling of discovery in other stages of litigation, in the context of a 12(b)(1) motion, we give the district court much room to shape discovery[.]") (cleaned up).

Centennial shall complete the discovery approved in this Order on or before **July 13, 2025**. Centennial's response to the Motion to Dismiss shall be due no later than **July 23, 2025**, with Defendants' reply due **14 days after a response is filed**.

**It is so ORDERED.**[5]

DATED: May 13, 2025                BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[5] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").